**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE ALVARO FLORES URIBE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1376-G** |
| | ) | |
| **DON JONES, Director of Kay County Detention Center, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

**ORDER**

On November 18, 2025, Petitioner Jose Alvaro Flores Uribe filed a Petition for Writ of Habeas Corpus (Doc. No. 1), challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Amanda L. Maxfield for preliminary review. Certain Respondents[2] filed an Answer (Doc. No. 8), and Petitioner filed a Reply (Doc. No. 9).

On December 18, 2025, Judge Maxfield issued a Report and Recommendation ("R. & R.," Doc. No. 10), in which she recommended that the Petition be granted in part, with

---

[1] David J. Venturella, Acting Director of Immigration and Customs Enforcement, is hereby substituted as respondent for Todd Lyons pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] Respondent Don Jones has not appeared in this action. The appearing Respondents are: Russell Holt, Field Office Director of Enforcement and Removal Operations, Chicago Field Office, ICE; Acting Director Venturella; Daren Margolin, EOIR Director, U.S. Department of Justice; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, Attorney General of the United States.

Respondents ordered to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or otherwise release Petitioner. Respondents filed an Objection (Doc. No. 11) to the R. & R. Petitioner did not respond to the Objection.

Because Respondents objected to the R. & R., the Court must make a de novo determination of the portions of the R. & R. to which a specific objection has been made, and the Court may accept, modify, or reject the recommendation in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

*I. Background*

The factual background set forth in the R. & R. is not contested by either party. Petitioner is a noncitizen who entered the United States in "approximately 2002." R. & R. at 3.[3] ICE took custody of Petitioner on or around October 4, 2025, and Petitioner is detained at the Kay County Detention Center in Newkirk, Oklahoma. *See id.*; Pet. ¶¶ 8, 43. On October 6, 2025, Petitioner was charged in Immigration Court with being subject to removal as a noncitizen present in the United States without being admitted or paroled, pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). R. & R. at 3; Pet. ¶¶ 2, 44.

"Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)." R. & R. at 3. Petitioner contends that "ICE issued a custody determination to continue Petitioner's detention without an opportunity to post bond or be released on other conditions." Pet. ¶ 46. Petitioner states that he was unable to request a bond hearing in

[3] Both the R. & R. and this Order use "noncitizen" as an equivalent term to "alien."

light of *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), in which the Board of Immigration Appeals held that, in accordance with 8 U.S.C. § 1225(b)(2)(A), noncitizens who have entered the United States without admission or parole are ineligible for a bond hearing. R. & R. at 2, 3; Pet. ¶ 47.[4]

Petitioner argues that Respondents' detention of him pursuant to 8 U.S.C. § 1225(b)(2) violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and the due process rights afforded him by the Fifth Amendment. *See* Pet. ¶¶ 49-55.

*II. The Report and Recommendation*

Judge Maxfield concluded that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See* R. & R. at 5-20. Accordingly, Judge Maxfield concluded that Petitioner is entitled to an "individualized bond hearing under 8 U.S.C. § 1226(a)." *Id.* at 17, 20.[5]

Respondents object, arguing that the R. & R. the misinterpreted the "plain statutory text," "ignore[d] completely the 'deeming' language in § 1225(a)(1)," and misconstrued the effect of recent congressional action relevant to the overall INA statutory scheme. *See* Resp'ts' Obj. at 5-10. Respondents also object that the R. & R. based part of its statutory interpretation analysis on arguments not raised by Petitioner. *See id.* at 2-4.

---

[4] *In re Yajure Hurtado* is not binding on this Court. *Cf. Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("Courts need not and under the [Administrative Procedure Act] may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

[5] Based upon this determination, the magistrate judge recommended that the Court decline to address Fifth Amendment due process claim. *See* R. & R. at 3-4, 20; Pet. ¶¶ 52-55.

Following the issuance of the R. & R. and the submission of Respondents' Objection, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' objection is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Pet. ¶ 43; *Santillan Quiroz*, 180 F.4th at 1233. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; Pet. ¶ 46. Accordingly, the mandatory-detention requirement of § 1225(b)(2)(A) is inapplicable to Petitioner. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13. In light of this determination, the Court need not and does not reach Petitioner's Fifth Amendment due process claim.

*III. Petitioner's Request for Fees and Costs*

Petitioner requests attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Pet. at 14.

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), *petition for cert. filed*, No. 26-146 (U.S. July 30, 2026). Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however. *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2. Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 10) is ADOPTED in its entirety.

It is therefore ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon violation of the INA.

2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

3. Petitioner's remaining claim for relief is DISMISSED without prejudice; and

4. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

5. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 21st day of August, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge